Honolulu, May 12, 1884.

---

## LOO CHIT SAM *et al. vs.* WONG KIM.

### APPEAL FROM WATER COMMISSIONERS.

### JULY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

There being nothing in the testimony or the appearance of the locality pointing strongly to the fact that defendant had made taro patches on ancient kula land; and there being no data for setting aside or modifying the decision of Commissioners of Water Rights; and there being reason for the conflict and uncertainty of the evidence; the Court confirms the award of the Commissioners.

### OPINION OF THE COURT, BY McCULLY, J.

THIS is an appeal from the Board of Water Commissioners of Honolulu, respecting some contested water rights in Palolo Valley. The decision of the Commissioners settles eight points in dispute between the parties, most of which the contestants now accept. This appeal we understand to call in question only whether the defendant has not, in the land called Kaauwaeloa, enlarged the territory which was from ancient times entitled to water as being taro land, and made rice patches on ancient kula

or dry land. The evidence taken by the Commissioners, and the additional evidence taken on the appeal, is contradictory upon this point. We have examined the locality. In our view, it is quite probable that the defendant has cut his rice patches westward of the line of ancient taro patches. But there is nothing in the testimony and in the appearance of the locality which strongly and preponderatingly points to a definite reduction of what has been granted to the defendant. If we set aside or modify the decision of the Commissioners, we have no data for fixing another line. A different finding would not be better supported than that which is appealed from.

There is reason for the conflict and uncertainty of the evidence. The question to be determined is what areas were once used for taro patches. But previous to the culture of rice in this country, which is of only a few years' date, and the most active extension of it only since the operation of the Reciprocity Treaty in 1876, the area of taro culture had greatly diminished. There was not one-fourth of the population existing which once subsisted on taro. Land which had been in taro patches was left dry, used as pasture, and to a great extent had lost its characteristics as taro land. Witnesses sometimes speak of the same piece of land as taro or kula, according to its use at the time. It is in testimony in this case that a block of taro patches had been dried and used as a pasture, that is, as the witnesses express it, was kula. But now the value of such land for growing crops of rice has caused them to again claim all the water they were once entitled to. In the conversion to rice patches many of the old lines are obliterated. The kuaunas or taro patch banks are cut thin, and often cut away altogether, and the rice patches are extended over land which never had been planted in taro. The identity of the situation is destroyed. Witnesses therefore make vague and contradictory statements, affording no satisfactory basis for decision.

At the present time both parties to this controversy have water enough for their cultivation. Last year was a dry season, and the plaintiff had not enough. He claims that from that fact it is apparent that he had been deprived of some portion of his water by the defendant, who had enough. But it is not to be assumed

as a fact that in ancient times, and under the ancient distribution of the waters, some taro patch land did not suffer in dry seasons. On the contrary, we understand that the supply was precarious as to some lands, while unfailing as to others, a fact which gave the latter a greatly enhanced value.

Thus, seeing no satisfactory and definite grounds for making a different decision, we hereby confirm the award of the Water Commissioners.

*W. R. Castle*, for plaintiff.

*Smith & Thurston*, for defendant.

Honolulu, September 18, 1884.